FILED
SUPERIOR COURT
OF GUAM

2023 JAN 26 AM 9: 58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ANTHONY SANDERS, | **Superior Court Case No. SP0120-21** |
| Petitioner, | |
| vs. | **DECISION AND ORDER RE PETITION FOR WRIT OF REVIEW** |
| GUAM CIVIL SERVICE COMMISSION, | |
| Respondent, | |
| and | |
| PORT AUTHORITY OF GUAM, | |
| . Real Party in Interest. | |

Petitioner Anthony Sanders asks this Court to review the Respondent Civil Service Commission's Judgment affirming his termination by the Port Authority of Guam. Having considered the administrative record, the parties' arguments, and the relevant law, the Court finds that substantial evidence supports the CSC's determination. The Court therefore upholds the Judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

As an employee with the Port Authority of Guam, Sanders was subject to random drug testing. Lodging Record of Proceeding ("R.") at 47, 52 (Sept. 14, 2022) (Not. Termination; Acknowledgement). On September 15, 2017, Sanders underwent a random drug test, which resulted in a positive indication for THC. R. at 47; Lodging of Transcripts, Sanders Tr. 47:12–48:18 (Apr. 28, 2022). Sanders was informed of this result immediately. Sanders Tr. 47:12–48:18. The sample was subsequently sent off for further testing by a Medical Review



Officer (MRO), and the THC-positive result was confirmed. R. at 47. An individual with the MRO's office then contacted Sanders and informed him of the confirmed positive result. Sanders Tr. 42:5–44:1

Due to the THC-positive drug test, the Port Authority issued Sanders a Notice of Adverse Action on October 20, 2017, terminating his employment. R. at 47. The Port Authority cited its Drug-Free Workplace Policy, which prohibited the "unlawful . . . use of controlled substances while on the job or on the authority's premises including while operating the authority's equipment." *Id.* Sanders appealed to the CSC. *Id.* at 33 (Letter of Appeal); *Sanders v. Port Authority of Guam*, CSC Adverse Appeal Case No. 17-AA17T. After four days of hearings, the CSC unanimously ruled: "After review of the file, Management's exhibits M014-M025, hearing the testimony of the witnesses, as well as the arguments of lay representatives for both sides, the Commission voted 6 to 0 that Management met its burden of proof of substantial evidence as to the charge of Violation of the Drug Free Workplace policy set forth in the Notice of Final Adverse Action. The Commission finds that Management's action was supported and affirms the termination action." R. at 19–23 (Dec. and Judgment (June 15, 2021)).

Sanders petitioned for judicial review of the CSC's decision. He asserted that the Port Authority erred in terminating him because the MRO failed to follow the proper procedures relative to the testing and providing notice of the test result. Opening Brief at 2–5 (Aug. 3, 2022). Dr. Laura Post, an MRO who testified for Sanders, stated that when there is a positive test result, the MRO must personally contact the individual to confirm he did not take any medications that could have led to a false positive result. Lodging of Transcripts, Post Tr. 17:3–18:16. The MRO that conducted Sanders's test, Brian Heinen, did not testify. R. at 4–18 (CSC Quick Reference Form), 47 (Notice of Termination); *see generally* Lodging of Transcripts.

**ORIGINAL**

However, Sanders testified that while he received a call from the MRO's office, he did not receive a call from MRO Heinen himself. Sanders Tr. 42:5–44:1. Moreover, Dr. Post testified before the CSC that Sanders was taking prescription medications which could have resulted in a false positive test. Post Tr. 11:1–14:1.

In response, the Port Authority argues that the administrative record shows that it met its burden of proof for terminating Sanders based on his violation of the Drug-Free Workplace Policy. Opp'n Brief at 1 (Sept. 2, 2022). The Port Authority asserts that at the time the sample was collected from Sanders, the visual reading indicated a non-negative result due to THC, and Sanders was notified at this time of the non-negative result. Sanders Tr. 47:12–48:18. The sample provided by Sanders was subsequently sent for additional testing, which confirmed that the sample tested positive for THC. *Id.* at 48:19–49:1; R. at 48 (Not. Termination), 50 (Drug Test Rep.). At this point, the MRO's office notified Sanders of the final result. Sanders Tr. 43:5–10. The Port Authority argues that it was then Sanders's responsibility to dispute the result of the test, which he failed to do. Opp'n Brief at 5.

## II.   LAW AND ANALYSIS

A decision of the CSC is final but subject to judicial review under a substantial evidence standard. 4 GCA § 4403(d)(4); *Charfauros v. Guam Civil Serv. Comm'n (Guam Police Dep't)*, 2022 Guam 19 at 9;[1] *Guam Hous. Corp. v. Guam Civil Serv. Comm'n (Potter)*, 2015 Guam 22 ¶ 9. The substantial evidence standard is "extremely deferential," and "a reviewing court must uphold the agency's findings unless the evidence presented would compel a reasonable factfinder to reach a contrary result." *Charfauros*, 2022 Guam at 10; *Guam Mem'l Hosp. Auth. v. Civil Serv. Comm'n*, 2015 Guam 18 ¶ 16 (citation omitted). "[A]ccordingly, the court should not do its own weighing of the evidence, nor should it substitute its factual determinations for [that of] the

---

[1] The *Chafauros* opinion did not contain paragraph numbers on the date this Decision was issued.

ORIGINAL

agency." *Charfauros*, 2022 Guam at 10.

The evidence presented before the CSC indicated that Sanders tested positive for THC; he was informed of the positive test result at the initial testing facility; the sample was sent off for additional testing by an MRO; and the MRO's office called Sanders to confirm his positive test result. The CSC Judgment cites evidence supporting these facts. Although other facts indicate that Sanders took medication that could have led to a positive result, and that MRO Heinen failed to contact Sanders directly, the substantial evidence standard is "extremely deferential" to the CSC's decision. Moreover, "the Court may not substitute its judgment for" the judgment of the CSC. Based on the administrative record, the substantial evidence supports Sanders's termination, and the evidence would not "compel a reasonable factfinder to reach a contrary result." In other words, a reasonable factfinder could easily reach the same conclusion as the CSC that supported the Port Authority's termination of Sanders for violating its Drug-Free Policy.

## III.   CONCLUSION AND ORDER

Based on the extreme deference given to CSC decisions and the fact that substantial evidence supports a reasonable factfinder's determination that Sanders violated the Drug-Free Workplace Policy, the Court upholds the CSC's Judgment affirming Sanders's termination.

SO ORDERED this 26th day of January 2023.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Curtis C. Van de veld, Esq., The Van de veld Law Offices, P.C., for Petitioner Anthony Sanders
Eric D. Miller, Esq., for Respondent Guam Civil Service Commission
Christine Claveria Arriola, Esq., Port Authority of Guam, for Real Party in Interest Port
     Authority of Guam

ORIGINAL